UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
STEVEN GUARINO,

                    Plaintiff,                    Case No. 07 CV 11618

     -against-
                                                  **ANSWER**

ROOMS.COM, INC. n/k/a WORLD TRAVEL
HOLDINGS, HOTEL DISTRIBUTION NETWORK,
PHOTIOS COUGENTAKIS a/k/a FRANK
COUGENTAKIS, ADRIAN COPPIETERS and
GEORGE DEMAKOS,
                    Defendants

-------------------------------------X

     Defendant, PHOTIOS COUGENTAKIS a/k/a FRANK COUGENTAKIS, by his attorneys, THE LAW OFFICES OF WILLIAM J. TURKISH, PLLC, as and for his Answer to the Plaintiff's Complaint, respectfully states follows:

          1.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "1", "5" and "6" of the Plaintiff's Complaint.

          2.    Admits each and every allegation set forth in paragraph "2" of the Plaintiff's Complaint except denies that the business is located in Melville, NY.

          3.    Denies each and every allegation set forth in paragraph "3" of the Plaintiff's Complaint.

          4.    Denies each and every allegation set forth in paragraph "4" of the Plaintiff's Complaint except admits that the Defendant has his business address at 10 Harbor Park Drive, Port Washington, New York and that Cougentakis was a shareholder and director of Defendant World Travel Holdings.

          5.    Denies each and every allegation set forth in paragraphs "7", "8" and "9" of the Plaintiff's Complaint.

6.      Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "10", "11", "11", "12", "13", "14", "15", "16", "17", "18", "19", "21", "24", "30", "41", "43", "45" and "52" of the Plaintiff's Complaint.

7.      Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "20" of the Plaintiff's Complaint except admits that the Defendant, Photios Cougentakis, had purchased shares in HDN in or about calendar year 2002.

8.      Denies each and every allegation set forth in paragraphs "22", "26", "31", "46", "47", "48", "49" and "51" of the Plaintiff's Complaint and respectfully states that the documents set forth therein speak for themselves.

9.      Admits the allegations of paragraphs "23" and "27" of the Plaintiff's Complaint.

10.     Denies each and every allegation set forth in paragraph "25" of the Plaintiff's Complaint except denies knowledge or information sufficient to form a belief with respect to any actions taken by any Co-Defendant as referred to therein.

11.     Denies each and every allegation set forth in paragraph "28" of the Plaintiff's Complaint, except admits that HDN prepared and issued a private placement memorandum and respectfully refers the Court to that document for its terms and conditions.

12.     Denies each and every allegation set forth in paragraphs "29", "32", "33", "34", "36", "37", "39", "40", "42", "44", "57", "59", "60", "61", "62", "63", "64" and "65" of the Plaintiff's Complaint.

13.     Denies knowledge and information sufficient to form a belief with respect to each and every allegation set forth in paragraph

"35" of the Plaintiff's Complaint except admits that Defendant, Photios Cougentakis, received a security interest in the assets of HDN.

14.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "38" of the Plaintiff's Complaint except denies those allegations as they relate to the alleged actions of Defendant, Photios Cougentakis.

15.    Denies each and every allegation set forth in paragraphs "50", "53", "54", "55", "56" and "58" of the Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

16.    Denies knowledge or information sufficient to for a belief with respect to each and every allegation set forth in paragraph "66" of the Plaintiff's Complaint.

17.    Denies each and every allegation set forth in paragraphs "68", "69", "70", "71', "72" and "73" of the Plaintiff's Complaint.

18.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "74" of the Plaintiff's Complaint.

19.    Denies each and every allegation set forth in paragraphs "76", "77", "78", "79" and "80" of the plaintiff's Complaint.

20.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "81" of the plaintiff's Complaint.

21.    Denies each and every allegation set forth in paragraphs "83" and "84" of the Plaintiff's Complaint.

22.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph

"85" of the Plaintiff's Complaint.

23.    Denies each and every allegation set forth in paragraphs "87", "88", "89", "90" and "91" of the Plaintiff's Complaint.

24.    Denies knowledge or information sufficient to form a belief with respect to each and very allegation set forth in paragraph "92" of the Plaintiff's Complaint.

25.    Denies each and every allegation set forth in paragraph "94" of the Plaintiff's Complaint.

26.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "95" of the Plaintiff's Complaint.

27.    Denies each and every allegation set forth in paragraphs "97", "98" and "99" of the Plaintiff's Complaint.

28.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "100" of the Plaintiff's Complaint.

29.    Denies each and every allegations set forth in paragraph "102", "103" and "104" of the Plaintiff's Complaint.

30.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "105" of the Plaintiff's Complaint.

31.    Denies each and every allegation set forth in paragraphs "107", "108" and "109" of the Plaintiff's Complaint.

32.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "110" of the Plaintiff's Complaint.

33.    Denies each and every allegations set forth in paragraphs "112", "113" and "114" of the Plaintiff's complaint.

34.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "115" of the Plaintiff's Complaint.

35.    Denies each and every allegation set forth in paragraphs "117", "118", "119", "120" and "121" of the Plaintiff's Complaint.

36.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "122" of the Plaintiff's Complaint.

37.    Denies each and every allegation set forth in paragraphs "124", "125", "126" and "127" of the Plaintiff's Complaint.

38.    Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraph "128" of the Plaintiff's Complaint.

39.    Denies each and every allegation set forth in paragraphs "130" and "131" of the Plaintiff's Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

40.    Plaintiff's Complaint fails to state a cause of action against this answering Defendant.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

41.    Plaintiff's Complaint must be dismissed on the grounds of laches.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

42.    Plaintiff's Complaint must be dismissed on the grounds of unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

43.    Plaintiff's Complaint must be dismissed on the grounds of lack of standing.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.    Plaintiff's Complaint must be dismissed on the grounds of statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45.    Plaintiff's Complaint must be dismissed on the grounds of waiver.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46.    Plaintiff's Complaint must be dismissed on the grounds of statute of frauds.

WHEREFORE, Defendant, Photios Cougentakis, respectfully demands judgment dismissing Plaintiff's Complaint in all respects, together with the costs and disbursements of this action and other relief this Court may deem just, proper and equitable in the circumstances.

Dated:    Jericho, New York
          February 29, 2008

                                   LAW OFFICE OF WILLIAM J. TURKISH, PLLC

                                   By: _____
                                   William J. Turkish, Esq. (WJT-1547)
                                   Attorney for Defendant
                                   PHOTIOS COUGENTAKIS a/k/a
                                   FRANK COUGENTAKIS
                                   33 South Service Road
                                   Jericho, NY 11753
                                   (516) 338-0585
                                   FAX: (516) 338-0685
                                   File No. 6045.47

To:    BRODSKY & SMITH, LLC
       Attorney for Plaintiff
       240 Mineola Blvd.
       Mineola, NY 11501
       (516) 744-4977

constructamax/rooms/guarino/lit/answer 2.29.08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
STEVEN GUARINO,

                        Plaintiff,                    Case No. 07 CV 11618

        -against-
                                                      **AFFIDAVIT OF SERVICE**
ROOMS.COM, INC. n/k/a WORLD TRAVEL
HOLDINGS, HOTEL DISTRIBUTION NETWORK,
PHOTIOS COUGENTAKIS a/k/a FRANK
COUGENTAKIS, ADRIAN COPPIETERS and
GEORGE DEMAKOS,
                        Defendants

------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

    **EILEEN J. FUCHS**, being duly sworn deposes and says:  I am not a
party to the action, am over 18 years of age and reside in Long Beach,
New York.

    On February 29, 2008, I served a true copy of the annexed **ANSWER** in
the above matter, in the following manner: by mailing the same in a
sealed envelope, with postage prepaid thereon, in a post-office or
official depository of the U.S. Postal Service within the State of New
York, addressed to the last known address of the addressee as indicated
below:

        BRODSKY & SMITH, LLC
        240 Mineola Blvd.
        Mineola, NY 11501


                                        _____
                                        EILEEN J. FUCHS


Sworn to before me this
29th day of February, 2008

_____
      Notary Public

            WILLIAM TURKISH
    NOTARY PUBLIC, State of New York
          No. 02TU4801151
      Qualified in Nassau County 2009
    Commission Expires Nov. 30, _____