```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
STEVEN GUARINO,

                    Plaintiff,           Case No. 07 CV 11618

     -against-
                                         ANSWER
ROOMS.COM, INC. n/k/a WORLD TRAVEL
HOLDINGS, HOTEL DISTRIBUTION NETWORK,
PHOTIOS COUGENTAKIS a/k/a FRANK
COUGENTAKIS, ADRIAN COPPIETERS and
GEORGE DEMAKOS,
                    Defendants

------------------------------------------X
```

Defendant, ROOMS.COM, INC. n/k/a WORLD TRAVEL HOLDINGS, by its attorneys, THE LAW OFFICES OF WILLIAM J. TURKISH, PLLC, as and for its Answer to the Plaintiff's Complaint, respectfully states follows:

1.  Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "1", "5" and "6" of the Plaintiff's Complaint.

2.  Denies each and every allegation set forth in paragraphs "2" and "3" of the Plaintiff's Complaint.

3.  Denies each and every allegation set forth in paragraph "4" of the Plaintiff's Complaint except admits that the Defendant Photios Cougentakis has his business address at 10 Harbor Park Drive, Port Washington, New York and that Cougentakis was a shareholder and director of Defendant World Travel Holdings.

4.  Denies each and every allegation set forth in paragraphs "7", "8" and "9" of the Plaintiff's Complaint.

5.  Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "10", "11", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23" "24", "25", "26", "28", "30", "31", "32", "33", "34",

"35", "36", "37", "38", "39", "40", "41", "43", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59" and "60" of the Plaintiff's Complaint.

6. Denies each and every allegation set forth in paragraphs "27", "29", "42", "44", "61", "62", "63", "64" and "65" of the Plaintiff's Complaint.

7. Denies each and every allegation set forth in paragraphs "45", "46", "47", "48" and "49" of the Plaintiff's Complaint except states that the documents referred to therein speak for themselves.

8. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "66" and "67" of the Plaintiff's Complaint.

9. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "82", "83", "84", "85", and "86" of the Plaintiff's Complaint.

10. Denies each and every allegation set forth in paragraphs "87", "88", "89", "90" and "91" of the Plaintiff's Complaint.

11. Denies knowledge or information sufficient to form a belief with respect to each and very allegation set forth in paragraphs "92" and "93" of the Plaintiff's Complaint.

12. Denies each and every allegation set forth in paragraph "94" of the Plaintiff's Complaint.

13. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "95", "96", "97" and "98" of the Plaintiff's Complaint.

14. Denies each and every allegation set forth in paragraph "99" of the Plaintiff's Complaint.

15. Denies knowledge or information sufficient to form a

belief with respect to each and every allegation set forth in paragraphs "100" and "101" of the Plaintiff's Complaint.

16. Denies each and every allegation set forth in paragraphs "102", "103" and "104" of the Plaintiff's Complaint.

17. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "105" and "106" of the Plaintiff's Complaint.

18. Denies each and every allegation set forth in paragraphs "107", "108" and "109" of the Plaintiff's Complaint.

19. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "110", "111" and "112" of the Plaintiff's Complaint.

20. Denies each and every allegation set forth in paragraphs "113" and "114" of the Plaintiff's Complaint.

21. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "115" and "116" of the Plaintiff's Complaint.

22. Denies each and every allegation set forth in paragraphs "117", "118", "119", "120" and "121" of the Plaintiff's Complaint.

23. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "122", "123" and "124" of the Plaintiff's Complaint.

24. Denies each and every allegation set forth in paragraphs "125", "126" and "127" of the Plaintiff's Complaint.

25. Denies knowledge or information sufficient to form a belief with respect to each and every allegation set forth in paragraphs "128" and "129" of the Plaintiff's Complaint.

26. Denies each and every allegation set forth in paragraphs "130" and "131" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a cause of action against this answering Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint must be dismissed on the grounds of laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint must be dismissed on the grounds of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint must be dismissed on the grounds of lack of standing.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. Plaintiff's Complaint must be dismissed on the grounds of statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint must be dismissed on the grounds of waiver.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint must be dismissed on the grounds of statute of frauds.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. Venue is improper in this District on the grounds that none of the parties reside or have their principal place of business in the Southern District of New York.

**WHEREFORE**, Defendant, ROOMS.COM, INC. n/k/a WORLD TRAVEL HOLDINGS, respectfully demands judgment dismissing Plaintiff's Complaint in all respects, together with the costs and disbursements of this action and other relief this Court may deem just, proper and equitable in the circumstances.

Dated:   Jericho, New York
         April 18, 2008

                                     LAW OFFICE OF WILLIAM J. TURKISH, PLLC

                                     By: _____
                                     William J. Turkish, Esq. (WJT-1547)
                                     Attorney for Defendants
                                     ROOMS.COM, INC.
                                     n/k/a WORLD TRAVEL HOLDINGS
                                     PHOTIOS COUGENTAKIS a/k/a
                                     FRANK COUGENTAKIS
                                     33 South Service Road
                                     Jericho, NY 11753
                                     (516) 338-0585
                                     FAX: (516) 338-0685
                                     File No. 6045.47

To:   BRODSKY & SMITH, LLC
      Attorney for Plaintiff
      240 Mineola Blvd.
      Mineola, NY 11501
      (516) 744-4977

constructamax/rooms/guarino/lit/answer 4.18.08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
STEVEN GUARINO,

                        Plaintiff,            Case No. 07 CV 11618

        -against-
                                               AFFIDAVIT OF SERVICE
ROOMS.COM, INC. n/k/a WORLD TRAVEL
HOLDINGS, HOTEL DISTRIBUTION NETWORK,
PHOTIOS COUGENTAKIS a/k/a FRANK
COUGENTAKIS, ADRIAN COPPIETERS and
GEORGE DEMAKOS,
                        Defendants

------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )
```

**EILEEN J. FUCHS**, being duly sworn deposes and says: I am not a party to the action, am over 18 years of age and reside in Long Beach, New York.

On April 18, 2008, I served a true copy of the annexed **ANSWER** in the above matter, in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

BRODSKY & SMITH, LLC
240 Mineola Blvd.
Mineola, NY 11501

_____
EILEEN J. FUCHS

Sworn to before me this
18th day of April, 2008

_____
Notary Public

WILLIAM TURKISH
NOTARY PUBLIC, State of New York
No. 02TU4801151
Qualified in Nassau County
Commission Expires Nov. 30, ____